IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILLIP MICHAEL ERAVI; | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 5:24-CV-4042 |
| DAVID McSHANE, in his individual capacity; | ) |
| MEAGAN SHIPLEY, in her individual capacity; | ) |
| GRANT FOSTER, in his individual capacity; | ) |
| AUSTIN TWITE, in his individual capacity; and | ) |
| THE LAWRENCE CITY COMMISSION, as the | ) |
| Governing body and legislative body of the CITY | ) |
| OF LAWRENCE CITY POLICE DEPARTMENT, | ) |
|       Defendants. | ) |

**DEFENDANT THE LAWRENCE CITY COMMISSION'S**
**MEMORNADUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant The Lawrence City Commission, "City" submit this Memorandum in Support of its Motion to Stay Discovery and Pretrial Proceedings.

**I. INTRODUCTION**

Plaintiff's lawsuit arises out of his May 20, 2023, felony arrest and seeks to hold the City liable 42 U.S.C. § 1983 for a violation of his rights under the First Amendment and for negligent failure to train and supervise certain Lawrence Police officers. The City has moved to dismiss all claims against it because the City is immune from liability for the actions of its employees and the Complaint does not state a cause of action for which the City could be found liable. (Docs. 7, 8). The City has a good faith belief that its pending Motion has significant merit. Further, the individual Officer Defendants' responsive pleading is not due until November 5, 2024 (Docs. 12, 13, 14, 15), and given the allegations in the Complaint, the Officer Defendants intend to assert their entitlement to qualified immunity.

Plaintiff's counsel was contacted about this Motion to Stay and Plaintiff opposes the same.

4992243

## II. ARGUMENTS AND AUTHORITIES

### A. Standard for Stay of Discovery

While the general policy in this District is not to stay discovery, even if a dispositive motion is pending, there are four recognized exceptions to this policy: (1) if the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Monroe v. City of Lawrence*, No. 13-2086-EFM, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013). In this case, a stay of proceedings is justified because the claims against the City are likely to be finally concluded via the City's Motion to Dismiss, because the City has asserted defenses that would make it immune from suit, and because uncompleted discovery will not affect the resolution of the motion. A stay is also warranted because the Individual Officers intend to assert the defense of qualified immunity.

### B. Immunity is not just a legal defense, but immunity from suit.

The case law is uniform: once a defendant asserts immunity from suit, disclosure and discovery should be stayed. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery, cabined or otherwise" against government officials raising immunity defenses); *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Harlow*, 457 U.S. at 818 ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

The City's Motion begins with the presumption that as a governmental entity, it is immune from liability solely based on the actions of its employees. *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). The City challenges the sufficiency of

the pleadings in that the Complaint fails to state a viable claim for which the City is not immune. The Officer Defendants intend to assert the protection of qualified immunity which precludes liability.

### C.  Defendants should not be burdened with the requirements of litigation until immunity is determined.

It is well established that immunity protects public officials, not only from liability but from the burdens of litigation. *Alexander v. Bouse*, No. 17-2067, 2018 WL 1083256, at *3 (D. Kan. Feb. 28, 2018) (citing *A.M. v. Holmes*, 830 F.3d 1123, 1135 (10th Cir. 2016)). Defendants strongly emphasize that in this case, proceeding with discovery will nonetheless involve the "general cost of subjecting officials to the risks of trial" and the "distractions of officials from their governmental duties, inhibition of discretion or action and the chance of availing people from public service"—the exact same interests protected by qualified immunity. *Harlow*, 457 U.S. at 816. Without a stay pending a ruling on the dismissal, a considerable amount of time, effort and public resources may be needlessly spent by public officials in reviewing documentation in order to respond to pretrial litigation requirements, discovery and the preparation of discovery. "*Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Desktop Direct, Inc. vs. Digital Equipment Corp.*, 993 F.2d 755 (10th Cir. 1993) (quoting *Harlow*, 457 U.S. at 817).

Additionally, the Court issued an Initial Order regarding planning and scheduling (Doc. 18), that currently requires the Officer Defendants to participate in scheduling discussions prior to filing their responsive pleading, and service of initial disclosures three (3) days afterwards. The Officer Defendants are entitled to the protection of qualified immunity and the defense serves to bar Plaintiff's claims against them. Therefore, the City asks that the Court stay further proceedings based upon the same principles and interests as those enumerated by *Harlow* and its progeny.

**D. Discovery is not needed to determine whether Defendants are entitled to immunity.**

A brief stay of discovery and other pretrial proceedings, including initial disclosures and the scheduling of deadlines, is warranted until the Court resolves the pending Motion to Dismiss and the Officer Defendants' forthcoming Motion to Dismiss. Discovery is not needed to determine the threshold legal issues in this case—immunity pursuant to *Monell* and qualified immunity. This is especially true considering the governing standard for a motion to dismiss. *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017) (In deciding a motion to dismiss, the court generally considers only the adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.). Although the Court may allow limited discovery to allow the plaintiff to uncover only the necessary facts to decide the immunity claim, generally discovery is not necessary for the court to rule on immunity defenses at the motion-to-dismiss stage. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (internal quotations and citations omitted). Instead, Plaintiff should only be permitted to contest the immunity defenses by "rest[ing] on the facts as alleged in the pleadings." *Bradley v. United States*, No. 16-1435-EFM, 2017 WL 4310224, at *3 (D. Kan. Sept. 28, 2017).

**E. Plaintiff will suffer no prejudice if discovery is stayed.**

Under the circumstances, there is no strategic advantage to be gained by Defendants in the event a stay of pretrial proceedings is granted. Likewise, Plaintiff will suffer no prejudice to his claims upon such a stay. This case is in its initial stage and the City only requests a stay of discovery and pretrial proceedings until a ruling on the pending and forthcoming Motions to Dismiss. Such a limited stay will not significantly delay the resolution of this case, nor will it prejudice the Plaintiff.

**III. CONCLUSION**

The City has moved to dismiss all of Plaintiff's claims against it. The City has a good faith belief that, due to the nature, extent and merit of the issues raised in its pending Motion, and in the Officer Defendants' forthcoming Motion to Dismiss, a stay of discovery is appropriate in this case. The City respectfully

4992243

requests the Court issue an Order to stay discovery and pretrial proceedings until the Court rules on these Motions.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By: /s/ Michelle R. Stewart
Michelle R. Stewart, mstewart@hinklaw.com   #19260
Lindsey R. Freihoff, lfreihoff@hinklaw.com   #28560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22 day of October, 2024, the foregoing *Memorandum in Support of Motion to Stay Discovery* was filed electronically with the Clerk of the US District Court for District of Kansas; and a service copy was served via ECF electronic notification on the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

/s/ Michelle R. Stewart
ATTORNEYS FOR DEFENDANT