IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Phillip Michael Eravi | | |
| | Plaintiff | Case No. 5:24-CV-4042-DDC-RES |
| v. | | PLAINTIFF'S OPPOSITION MOTION FOR STAY ECF 23 |
| David McShane *et al* | | |

The plaintiff Eravi opposes the defendant City of Lawrence's motion for a blanket stay of these proceedings. The Court entered a planning Order on September 27, 2024 (ECF 18). Waivers of Service were filed by the individual defendants (ECF 12-15) prior to this Order which provide for a November 5, 2024, response deadline.

The City's motion is fatally flawed. The Court must predict every defendant will succeed on their motion to dismiss before the District Judge for the "likely to be finally concluded" factor to weigh in favor of a stay. *Lofland v. City of Shawnee, Kan.*, No. 16-cv-2183-CM-TJJ, 2016 WL 5109941, at *2 (D. Kan. Sept. 20, 2016). Just because the City makes a one-line statement that the "claims against the City are likely to be finally concluded" (ECF 24 p.2) does not make it so. And the City does not attempt to make another bare assertion that the individual defendants are likely to succeed on any motion to dismiss.

This defendant has not shown that there is a compelling reason for a blanket discovery stay and that at least one of the following exceptions applies: (1) the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion; (2) the facts sought in discovery would not affect resolution of the motion; or (3) discovery on all issues in the matter would be wasteful and burdensome. *Watson v. Mylan Pharm., Inc.,* No. 16-cv-2499-CM-TJJ, 2016 U.S. Dist. LEXIS 150782, at *3

1

(D. Kan. Oct. 31, 2016). *See Holroyd v. Dept. of Veterans Affairs,* No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are likely to prevail on the dispositive motion").

The "weight of authority in [the District of Kansas] is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending." *Digital Ally, Inc. v. Taser Int'l, Inc.,* Case No. 16-cv-2032-CM-TJJ, 2016 U.S. Dist. LEXIS 142060, at *11 (D. Kan. Oct. 13, 2016). The party seeking a discovery stay must therefore "make a clear case of hardship or inequity in being required to go forward." *Berry v. Ulrich Hereford Ranch, Inc.,* Case No. 17-2109-JTM-GEB, 2017 U.S. Dist. LEXIS 88811, at *8 (D. Kan. June 9, 2017). The City has not sustained that burden.

The City defendant attempts to litigate on behalf of the individual defendants[1] and then overgeneralizes in a haphazard fashion in not distinguishing between defendants who are eligible for qualified immunity, the plaintiffs' claims for damages against these defendants, and the plaintiff's prospective relief claims. *See Berry*, 2017 U.S. Dist. LEXIS 88811, at *7; *Dalcour v. City of Lakewood,* No. 08-cv-00747-MSK-KLM, 2008 U.S. Dist. LEXIS 58393, at *4-*7 (D. Colo. July 11, 2018) ("the mere

---

[1] The Court was aware of the filed waivers when it entered its Scheduling Order. The City belatedly contends nearly a month later that there is something wrong with the Order because it "requires the Officer Defendants to participate in scheduling discussions prior to filing their responsive pleading." ECF 24, p.3. Beyond being an argument made by defense counsel using the City defendant as a vicarious instrument for the individual defendants, the City offers no legal reason why such a procedure made after defense counsel has entered her appearance on behalf of those defendants is improper.

2

pendency of a Motion to Dismiss on the grounds of immunity does not entitle Defendants to a complete and indefinite stay of all discovery directed to them in this case … Defendants' qualified immunity defenses only shield them from discovery related to claims for monetary damages").

Defendant City likewise ignores that ongoing discovery on the plaintiff's claims against these individuals – none of which have advanced any dispositive motion on qualified immunity— cannot be interrupted by the City's assertion of damages immunity for themselves. *See Pueblo of Pojoaque v. New Mexico,* 214 F. Supp. 3d 1028, 1116 (D. N.M. 2016) ("The Individual Defendants may endure discovery going forward, but it will not be on the individual claims against them. And there is no sound reason to stay discovery on the other claims that do not involve them"); *Arabalo v. City of Denver,* No. 11-cv-02343-MSK-MEH, 2012 U.S. Dist. LEXIS 182251, at *7 (D. Colo. Dec. 27, 2012) ("No other Defendant has either requested a stay or asserted qualified immunity […] Plaintiff's need to conduct discovery with respect to the other Defendants remains the same regardless of whether Captain Gutierrez is dismissed").

Even if the City prevails on its motion to dismiss in whole or in part, the case will not be finally concluded as to the individual defendants and therefore the likelihood factor cannot recommend a stay in the proceedings. *See Matrix Group, LLC v. Innerlight Holdings, Inc.,* No. 2:11-cv-00987, 2012 U.S. Dist. LEXIS 158504, at *13 (D. Utah Nov. 2, 2012) ("a request to stay discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case").

3

Putting aside there is no motion to dismiss filed by the individual defendants, and no showing in the City's motion as to merits, likelihood is mere speculation which does not meet the requisite analysis. *See Watson*, 2016 U.S. Dist. LEXIS 150782 ("in applying the standard to the particulars of this case the Court must consider the likelihood that Defendants' motion to dismiss will be granted").

There is no basis for a stay of discovery if the Court is not persuaded that these factors have been adequately demonstrated or finds that they do not justify potential harm to the plaintiffs. *See King v. United States,* Case No. 16-cv-1435-EFM-TJJ, 2017 U.S. Dist. LEXIS 138644, at *10-*11 (D. Kan. Aug. 29, 2017) (concluding after reviewing each of the three factors, that "Defendants have not clearly shown a compelling reason for the court to issue a stay of all discovery").

The defendant City of Lawrence's motion for stay (ECF 23) should be denied.

| | |
|---|---|
| /s/Linus L. Baker<br>Linus L. Baker, KS 18197<br>6732 West 185th Terrace<br>Stilwell, KS  66085-8922<br>Telephone:  913.486.3913<br>Fax:            913.232.8734<br>E-Mail: linusbaker@prodigy.net<br>Attorney for the plaintiff | Certificate of Service<br>The above was provided notice to all parties entitled to such notice pursuant to the Court's electronic filing system.<br><br>/s/Linus L. Baker<br>Attorney for the plaintiff |