**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PHILLIP MICHAEL ERAVI, | |
|       Plaintiff, | |
|       v. | Case No. 24-4042-DDC-RES |
| DAVID McSHANE, *in his individual capacity*, *et al.*, | |
|       Defendants. | |

**ORDER**

This matter comes before the Court on Defendant The Lawrence City Commission's ("the City") Motion to Stay Discovery and Pretrial Proceedings.  ECF No. 23.  Plaintiff has filed a response opposing the Motion, ECF No. 25, and the City has filed a reply brief in further support, ECF No. 27.  For the reasons explained below, the Motion is granted.

## I.    BACKGROUND

Plaintiff filed a 70-page civil rights complaint on May 17, 2024, naming the City and four police officers (the "Officer Defendants") in their individual capacities.  *See generally* ECF No. 1.  Highly summarized, the complaint alleges multiple violations of Plaintiff's constitutional rights stemming from Plaintiff's interactions with the Officer Defendants, which ultimately led to Plaintiff's arrest.  *See id.*

On August 26, 2024, the City filed a motion to dismiss.  ECF No. 7.  That motion argues that the complaint fails to comply with Federal Rule of Civil Procedure 8(a)'s requirement of a "short and plain statement of the claim."  ECF No. 8 at 5.  The City also argues that the complaint fails to state a 42 U.S.C. § 1983 claim against the City.  *Id.* at 6-14.

On September 27, 2024, the Court entered an Initial Order Regarding Planning and Scheduling, which set a scheduling conference for November 19, 2024, and imposed related deadlines, including an October 29, 2024 deadline for the parties' Fed. R. Civ. P. 26(f) conference. ECF No. 18.  The City filed the present Motion on October 22, 2024.  ECF No. 23.  The Motion seeks a stay of discovery and pretrial proceedings pending a ruling on the City's motion to dismiss. *Id.* at 1.

On October 28, 2024, the Court suspended the scheduling conference pending a ruling on this Motion.  ECF No. 26.  Subsequently, on November 19, 2024, all four Officer Defendants filed a motion to dismiss, which asserts a qualified immunity argument, among others.  ECF No. 31 (motion); ECF No. 32 (memorandum in support).

## II.    DISCUSSION

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  This District's longstanding policy is not to stay discovery simply because a party files a dispositive motion. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  "A stay may be appropriate, however, if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *2 (D. Kan. Apr. 27, 2021) (internal quotations omitted).

2

The fourth consideration—immunity—is a "separate and distinct basis for staying discovery." *G.D. v. Lansing Unified Sch. Dist. #469*, No. 18-2243-HLT, 2018 WL 4057494, at *1 (D. Kan. Aug. 27, 2018). The first three factors, however, are often considered collectively. *See Wolf*, 157 F.R.D. at 495 (articulating the first three factors as exceptions to the general policy of not staying discovery when a dispositive motion is pending ("the *Wolf* factors")); *see also Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019) (considering immunity as a separate basis to stay discovery and then addressing the *Wolf* factors). Regardless, although there are multiple bases on which the Court commonly grants a motion to stay, "the standard doesn't require all of them to be met." *Hoedel v. Kirk*, No. 19-2443-HLT, 2020 WL 3892965, at *2 (D. Kan. July 10, 2020).

### A.    Qualified Immunity

Here, a stay of discovery is appropriate based on the Officer Defendants' recently filed motion to dismiss, which asserts the defense of qualified immunity. *See generally* ECF No. 32 (memorandum in support). As set out above, this by itself provides a separate and distinct basis for staying discovery.[1] *See also Stewart v. City of Prairie Vill., Kan.*, No. 2:12-CV-02185-JAR, 2012 WL 5266113, at *1 (D. Kan. Oct. 24, 2012) ("Thus, it is well established that a separate and distinct basis for staying discovery exists when a defendant asserts an immunity defense in the form of a dispositive motion.") Although the Officer Defendants filed the motion to dismiss after

---

[1]    The City attempts to recast its own pending motion to dismiss as asserting an immunity argument. *See* ECF No. 24 at 1 ("The City has moved to dismiss all claims against it because the City is immune from liability for the actions of its employees and the Complaint does not state a cause of action for which the City could be found liable."). This is not an accurate characterization of the motion to dismiss, which argues that the City is not directly liable for constitutional torts of its employees, not that the City is itself immune from suit. *See generally* ECF No. 8. Because the face of the City's motion to dismiss does not raise an immunity argument (or even use the word), the Court does not address the City's motion to dismiss as a separate basis for staying discovery on the ground of immunity.

the Motion to Stay was fully briefed, the City's Motion to Stay put Plaintiff and the Court on notice

of this possibility. ECF No. 24 at 1, 4 (stating that "the Officer Defendants intent to assert their

entitlement to qualified immunity" and referring to "the Officer Defendants' forthcoming Motion

to Dismiss").

"The Supreme Court has made it clear that until the threshold question of immunity is

resolved, discovery should not be allowed." *Kansas Motorcycle Works USA, LLC v. McCloud*,

No. 20-1180-TC, 2021 WL 650522, at *1 (D. Kan. Jan. 13, 2021) (citing *Siegert v. Gilley*, 500

U.S. 226, 232-33 (1991) ("Until this threshold immunity question is resolved, discovery should

not be allowed.")). Another judge in this District recently explained the reasoning for disallowing

discovery under these circumstances:

> Immunity from suit is a broad protection that grants government
> officials a right, not merely to avoid standing trial, but also to avoid
> the burdens of such pretrial matters as discovery. *Medina v. Cram*,
> 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*,
> 516 U.S. 299, 308 (1996)). A defendant is therefore generally
> entitled to have immunity questions resolved before being required
> to engage in discovery. *See Arnold*, 2019 WL 2438677, at *2.
> Otherwise, a defendant who is entitled to immunity would be
> effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S.
> 226, 232 (1991) (treating immunity as a threshold issue allows a
> court 'to weed out suits . . . without requiring a defendant who
> rightly claims qualified immunity to engage in expensive and time
> consuming preparation to defend the suit on its merits'). The
> prudent course of action here is to allow the district judge an
> opportunity to resolve the threshold immunity issues before
> requiring defendants to participate in discovery.

*Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022) (some

internal quotations omitted). Moreover, "discovery is generally not necessary to counter an

immunity claim on a motion to dismiss because a plaintiff may rest on facts as alleged in the

pleadings." *Id.* (internal quotations omitted).

Indeed, when dispositive motions are filed that raise immunity arguments, it is the undersigned's practice to sua sponte issue a case management order finding good cause to delay issuance of a scheduling order under Fed. R. Civ. P. 16(b)(2). *Accord M.G. through Garcia v. Scrase*, No. CV 22-325 MIS/GJF, 2022 WL 5242610, at *2-3 (D.N.M. Oct. 6, 2022) (stating that "[f]ederal courts exercising their discretionary authority under Rule 16 routinely stay discovery *sua sponte*" and explaining the court's broad authority to find good cause under Rule 16(b)(2) to delay the issuance of a scheduling order may include "a pending, ostensibly non-frivolous, dispositive motion"); *see also Oldridge v. City of Wichita, Kan.*, No. 21-1284-EFM, 2022 WL 15434503, at *1 (D. Kan. Oct. 27, 2022) (setting aside a magistrate judge's order denying a motion to stay discovery and noting that with respect to dispositive motions that assert immunity defenses, "a stay is the rule rather than the exception"). Had the Officer Defendants moved to dismiss earlier in the case raising an immunity argument, the Court likely would have entered an order finding good cause to delay the issuance of a scheduling order in this case.

Such an order would have applied with equal force to the claims asserted against the City because—as judges in this District have previously observed—bifurcated discovery as to certain claims or parties is "a wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1." *Toney v. Harrod*, No. 15-CV-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery, even as to a non-moving defendant); *see also Williams v. Zmuda,* No. 20-3277-JWB-GEB, 2021 WL 5371498, at *5 (D. Kan. Nov. 17, 2021) (staying discovery as to all parties and explaining that if discovery were stayed as to only those invoking an immunity defense via a dispositive motion, it could prove necessary for those defendants to participate in discovery so that it did not develop in a way to prejudice their position, in which case they would not be free from the burdens of discovery); *Hoedel*, 2020 WL 3892965,

at *3 ("Courts in this district have found bifurcated discovery to be inefficient, impractical, and prejudicial.").

Plaintiff cites mostly out-of-district cases in support of his proposition that the Court should not stay discovery entirely,[2] but Plaintiff does not suggest what specific discovery may efficiently take place during this period or why allowing unspecified limited discovery would be in line with Fed. R. Civ. P. 1's mandate that the Court must administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

In sum, the Court finds good cause to stay discovery until there is a ruling on the Officer Defendants' motion to dismiss, which raises a qualified immunity defense. The Court additionally

---

[2]    Some of Plaintiff's cited cases are not helpful to his position. For example, Plaintiff cites *Berry v. Ulrich Hereford Ranch, Inc.*, No. 17-2109-JTM-GEB, 2017 WL 2501071, at *3 (D. Kan. June 9, 2017), which did not involve a dispositive motion asserting an immunity defense. Instead, certain defendants filed a motion to stay based on a pending motion to dismiss raising personal jurisdictional concerns. *Id.* Even in the absence of an immunity defense, the court nonetheless granted the bulk of the motion to stay as to all parties because "the Court finds it inefficient to proceed with scheduling and full discovery only as to" claims that would proceed regardless of the outcome of the dispositive motions. *Id.* at *4. The court denied the motion only insofar as it ordered the parties to exchange initial disclosures and supporting documents. *Id.* at *5.

Plaintiff also cites *Pueblo of Pojoaque v. New Mexico,* 214 F. Supp. 3d 1028, 1116 (D. N.M. 2016), for the proposition that "[t]he Individual Defendants may endure discovery going forward, but it will not be on the individual claims against them. And there is no sound reason to stay discovery on the other claims that do not involve them." ECF No. 25 at 3 (quoting *Pueblo of Pojoaque*, 214 F. Supp. 3d at 1116, *aff'd*, 863 F.3d 1226 (10th Cir. 2017)). A judge in this District previously explained the critical distinction in that case: "in that case [*Pueblo*], the court held there was no reason to stay the case, notably because the court had already ruled on the pending qualified immunity motion." *Hoedel*, 2020 WL 3892965, at *3; *see also Pueblo of Pojoaque,* 214 F. Supp. 3d at 1116 ("While it is true that discovery should normally be stayed pending the resolution of a qualified immunity defense . . . the point is moot, because the Court granted the Qualified Immunity Motion at the QI Hearing. . . . Thus, there is no reason to stay the case pending the Court's ruling, because the Court has already granted the Qualified Immunity Motion."). Notably, the there is no ruling on the issue of qualified immunity in this case.

finds that this stay applies to all parties because it would be inefficient and prejudicial to proceed with piecemeal discovery as to certainly claims and parties for the reasons explained above.

**B.    The *Wolf* Factors**

The City separately is entitled to a stay pursuant to the *Wolf* factors. As to the first factor—whether the case is likely to be finally concluded via the dispositive motion—the Court declines to speculate as to how the District Judge may rule on either pending motion to dismiss, one of which is not yet fully briefed. Nevertheless, given that this case involves a 70-page complaint and five named Defendants, allowing for rulings on the motions could significantly clarify issues and resolve which claims will proceed against which Defendants, thereby making discovery efforts more efficient.[3] *See, e.g.*, *Kehler*, 2022 WL 6993001, at *3 (granting motion to stay discovery pending a ruling on defendants' dispositive motion because defendants raised threshold issues of immunity and a ruling "will likely narrow the issues remaining for discovery" or "at a minimum, significantly clarify issues . . . thereby making discovery efforts more efficient"); *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021) (same); *Kansas Motorcycle Works*, 2021 WL 650522, at *1  ("In addition, the court finds that a ruling on the dispositive motions could narrow this case, making discovery at this point wasteful and burdensome."). On this record, this factor weighs slightly in favor of granting a stay.

---

[3]    Plaintiff cites *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941 (D. Kan. Sept. 20, 2016), for the proposition that the "Court must predict every defendant will succeed on their motion to dismiss before the District Judge for the 'likely to be finally concluded' factor to weigh in favor of a stay." ECF No. 25 at 1. *Lofland* does not say this. Rather, that court stayed discovery in part because there "is *enough likelihood* the case will be concluded as a result of the District Judge's ruling on the pending motion to dismiss to justify staying the case during the interim." *Id.* at *2 (emphasis added). In contrast, and as explained above, numerous orders from this District have stayed discovery when a dispositive motion has the potential to narrow claims or parties, even if the court could not conclude with certainty that the case was likely to be fully resolved.

The second *Wolf* factor is whether the facts sought through discovery would affect the resolution of the dispositive motion. As is typical in the motion to dismiss context, the City contends discovery is unnecessary to resolve its motion to dismiss or the then-forthcoming Officer Defendants' motion to dismiss, and Plaintiff does not suggest that he requires any discovery to respond to these motions. *See generally Arnold v. City of Olathe, Kan.*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) ("Generally, in deciding a motion to dismiss, the court should consider no evidence beyond the pleadings."), *objections overruled*, No. 18-2703-CM-JPO, 2019 WL 2435725 (D. Kan. June 11, 2019). As noted in the City's reply brief, Plaintiff "does not identify what discovery he seeks nor does he set forth how proceeding with discovery would impact the pending Motion to Dismiss." ECF No. 27 at 2. Under these circumstances, where no party contends that discovery is needed to resolve the pending dispositive motion, this factor also weighs in favor of a stay.

The third *Wolf* factor—whether discovery on all issues posed by the complaint would be wasteful or burdensome—also favors granting a stay for the reasons articulated above in the section addressing qualified immunity. For these reasons, the Court finds the City also is entitled to a stay of discovery under the *Wolf* factors.

## III.    CONCLUSION

For the reasons explained above, the City's Motion to Stay Discovery and Pretrial Proceedings is granted. Additionally, the Court separately sua sponte finds good cause to delay issuance of a scheduling order under Fed. R. Civ. P. 16(b)(2) until the District Judge rules on both pending motions to dismiss, one of which asserts a qualified immunity argument. This Order does not stay or otherwise impact any deadlines related to the motions to dismiss.

**IT IS THEREFORE ORDERED** that Defendant The Lawrence City Commission's Motion to Stay Discovery and Pretrial Proceedings, ECF No. 23, is **GRANTED**. The Court will reset a scheduling conference in this case and impose related deadlines after the District Judge rules on the pending motions to dismiss. ECF Nos. 7, 31.

**IT IS SO ORDERED.**

Dated: November 21, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge