IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILLIP MICHAEL ERAVI;         ) | |
|     Plaintiff,         ) | |
|         ) | Case No. 5:24-CV-4042-DDC-RES |
| vs.         ) | |
|         ) | |
| DAVID McSHANE, *et. al.*         ) | |
|         ) | |
|     Defendants.         ) | |

**DEFENDANTS DAVID MCSHANE, MEAGAN SHIPLEY, GRANT FOSTER AND AUSTIN TWITE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

For a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). Plaintiff's Response focuses on conclusory allegations and highly generalized constitutional principles that fail to set forth a colorable argument as to why the Complaint should not be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) as set out in Defendants' Memorandum in Support of their Motion to Dismiss. (Doc. 32).  Much like the Complaint itself, Plaintiff's Response is incredibly difficult to follow as it meanders back and forth between arguments, none of which are sufficient to withstand dismissal of the causes of action against the Officer Defendants.

**I. The Complaint Fails To Provide Fair Notice.**

The crux of Plaintiff's argument that he pled sufficient facts to state a claim against the Officer Defendants is that there are screenshots from video, thereby providing notice of his claims. Federal courts have explicitly declined consideration of screenshots of videotapes. *See, e.g., Taylor v. Hartley*, 488 F. Supp. 3d 517, 527 (S.D. Tex. 2020). "Indeed, federal courts have recognized [ ] that parties cannot 'make use of video segments that have been 'cherry-picked' where the remainder is unavailable for the court's review." *Id.* (citing *see, e.g., United States v. Yevakpor*, 419 F. Supp. 2d 242, 252 (N.D.N.Y. 2006)). "And

5013238

in an analogous procedural posture, the Fifth Circuit has held it as error for a court to consider only quoted portions of a document where the entire document isn't itself attached to the motion to dismiss." *Id.* (citing *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003); *see also O'Malley v. Brown Brothers Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *4 (W.D. Tex. 2020)). "This same must naturally pertain to screenshots of videotape subject to consideration on motion to dismiss." *Id.* Each selective screenshot considers only portions of a video and does not actually provide a statement of fact. Plaintiff argues the repeated fallacy that if there is a photo in his Complaint, it must be considered a true fact. (Doc. 34. p. 1). Plaintiff's perception of the videos and selectively chosen screenshots are nothing more than a conclusory allegations and not facts that state a claim, nor that place the Officer Defendants on notice of a cause of action as required to pursue claims against them under Section 1983.

Plaintiff's 'word search' to note every time three out of the four Officer Defendants' names are mentioned in the Complaint (Doc. 34, n. 1) is also irrelevant and does not meet the standard for providing fair notice. In a Section 1983 civil rights case asserting claims against individual government actors, the Complaint must "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotation and citations omitted). "Collective actions against the State or against the 'Defendants' do not suffice." *Givens v. City of Wichita*, No. 6:23-cv-01033-HLT-TJJ, 2024 WL 1198503, at *7 (D. Kan. 2024) (internal citations omitted). Plaintiff does not seem to grasp that *he* bears the burden to provide fair notice under both Rule 8 and Section 1983. *Kansas Penn Gaming, LLC*, 656 F.3d at 1215. The Complaint's collection of conclusory arguments without sufficient facts asserting what action each individual Officer Defendant engaged in fails to state a constitutional violation which warrants dismissal. Taking Plaintiff's threadbare allegations as true, there are no facially plausible claims for relief stated against the individual Officer Defendants.

**II.  Qualified Immunity Bars Plaintiff's Claims Against the Officer Defendants.**

Despite Plaintiff's proffer that the allegations in the Complaint are unique, Plaintiff fails to overcome the defense of qualified immunity which imposes the burden on "the plaintiff to show 'both that [1] a constitutional violation occurred and [2] that the constitutional right was clearly established at the time of the alleged violation.'" *Galindo v.* Taylor, 723 F.Supp.3d 1008, 1036 (D. Kan. 2024) (quoting *Doe v. Woodard*, 912 F.3d 1278, 1289 (10th Cir. 2019) (internal citations omitted). Regardless of the conduct at issue, the Officer Defendants are entitled to qualified immunity unless Plaintiff carries his burden of showing the law was clearly established. *Id.* (citing *Ullery v.* Bradley, 949 F.3d 1282, 1291 (10th Cir. 2020). If, as here, the record does not clearly demonstrate the plaintiff has satisfied this heavy two-part burden, the Officer Defendants are entitled to qualified immunity. *Id.* (citing *Felders ex. rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2104).

Plaintiff's Response does not separately address the Officer Defendants' basis for dismissal of each cause of action, and jumbles his arguments together arguing that in its entirety it supports each claim. (Doc. 34, n. 3). Nothing in the Response points to facts in the Complaint that the Officer Defendants violated a constitutional right or that they violated a right that was clearly established and qualified immunity applies.

### A. **Plaintiff does not state a claim for Retaliatory Arrest based on the First Amendment.**

Plaintiff's desire to film police activity does not authorize him to break the law, and his Response, replete with conclusory argument, demonstrates that the Officer Defendants did not violate his First Amendment Rights when he was arrested for interference with law enforcement. It is difficult to establish the order of events because the Complaint jumps around in time and is unclear as to when Plaintiff arrived, when the police arrived, what kind of warning, if any, he received before arrest and where he was located throughout the entirety of the evening. Plaintiff would have the Court find a First Amendment violation simply because he was a citizen journalist reporting on police activity, but the right to film police activity is not absolute and is subject to reasonable time, place and matter restrictions. *Irizarry v. Yehia,* 38 F.4th

1282, 1292, n. 10 (10th Cir. 2022). Plaintiff was not simply filming a traffic stop, he was actively moving throughout a crime scene involving an active shooter. (Doc. 1, ¶¶48, 54) In Paragraph 101, Plaintiff provides a graphic depiction of where he was walking; Defendant Shipley witnessed Plaintiff moving back South parallel close to the apartment complex's private property (Doc. 1, ¶102– after having witnessed him (Doc. 1, ¶ 100) walking northbound in the 2000 block of Heatherwood Drive. Paragraphs 103 – 106 of the Complaint describe Plaintiff continuously walking in various directions; Paragraph 114 describes Plaintiff walking North to the end of the apartment building and then paragraph 116 states he walked back to the South. (Doc. 1). In fact, the Complaint details Plaintiff's constant movement around the active shooter scene, encountering multiple police vehicles and then positing himself across the street from the Suspect Residence. (Doc. 1, p. 37). The Complaint demonstrates that Plaintiff was moving throughout the scene and thereafter was arrested and charged with obstructing, resisting or opposing law enforcement officers in discharging their official duties. (Doc. 1, ¶ 205). The Officer Defendants did not violate the First Amendment in reasonably restricting Plaintiff from inserting himself into an active shooter situation and distracting the attention of the responding officers. These were proper time, place and matter restrictions. Plaintiff fails to meet the first element to state a claim for First Amendment retaliation. *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1232, 1232 (10th Cir. 2022).

Plaintiff's Response does not address his failure to plead any facts to meet the second and third elements to support a claim for First Amendment retaliation. The Complaint does not allege that his arrest chilled him from continuing to report on and record police officer activity. To the third element, far from directing the Court to facts that Plaintiff's recording of police activity was the 'but for' cause of his arrest, Plaintiff 's Response continues to advance conclusory allegations that the Officer Defendants' decision to arrest him was substantially motivated as a response to his exercise of constitutionally protected conduct. Plaintiff's argument that he was "arrested for many *post hac* pretextual reasons including a community-caretaking rationale" (Doc. 34, p. 8) is nothing more than a conclusory allegation contradicted by the facts in the Complaint. Plaintiff walked past perimeter patrol vehicles and was in an active crime scene. (Doc.

1, ¶ 11, 14). Plaintiff admits that he approached and began walking around an active police situation involving a suspect who had fired several shots at a neighbor, was armed and refusing to exit his residence. *Id.* ¶ 58. The facts show it was Plaintiff's failure to follow directions, interference with, and distraction of police officers responding to an active shooter situation that led to his arrest. Plaintiff admits that he was told to leave the area, but argues he was not given an order, he was given a suggestion. Plaintiff's selective citation to the interaction with Defendant McShane provides that McShane asked Plaintiff to get inside; Plaintiff told McShane to leave him alone; McShane asked him to please keep walking; Plaintiff again told McShane to leave him alone; at which point McShane reported that he could not get Plaintiff to move. (Doc. 1, ¶ 111).

Plaintiff also does not state facts of a false arrest because the Complaint provides that probable cause existed to arrest Plaintiff for interference with law enforcement. Officer Pate (not a named Defendant) reported that Plaintiff was not cooperating with officers at the scene and Pate's attention was divided. (Doc. 1, ¶12). Plaintiff agrees that Defendant McShane offered Plaintiff several options to leave the area, but Plaintiff refused to do so and ignored him (Doc. 1, ¶ 14). Plaintiff argues a lack of probable cause to arrest him because of purportedly conflicting reasons for his arrest, but each stated basis was because he was interfering with law enforcement officers. Coupled with the clear fact that McShane repeatedly told Plaintiff to go inside or keep walking and Plaintiff told McShane to leave him alone all demonstrate the existence of probable cause for Plaintiff's arrest for interference with law enforcement. (Doc. 1, ¶ 20, 21, 111). Probable cause is also demonstrated in the Criminal Complaint filed by the Douglas County District Attorney charging Plaintiff with a level 9 non-person felony. (Doc. 1, ¶¶ 8, 204, 205).

Because Plaintiff has not pled facts that support a claim against the Officer Defendants for retaliatory arrest for exercise of his First Amendment rights, qualified immunity applies to bar this claim and Count II should be dismissed.

B. **Plaintiff does not state a claim for Unlawful Arrest/Failure to Intervene.**

Contrary to Plaintiff's assertion, Defendants directed the Court to *Allen v. Linn County, Kansas Board*

*of Commissioners*, as authority to support dismissal of Count III because it is impossible to intervene as to someone's own alleged constitutional violation. (Doc. 32, p. 11-12). In *Allen,* this Court found that it was not clear how any defendant "could be held liable for failing to intervene in their own alleged constitutional violation" when the standard presumes two different actors – one violating the constitutional right and the other that observes but does not intervene. No. 2:23-cv-02453-HLT,-BGS, 2024 WL 3066168, at *11 (D. Kan. 2024). It would be impossible for an actor to be liable for both a constitutional violation then a failure to intervene in his own violation. There must be two actors and to propose that this can be one in the same person misinterprets the premise of 'intervention.'

Plaintiff's wholly conclusory statement that there was a constitutional violation and the Officer Defendants failed to intervene (Doc. 34, p. 15) does nothing to cure his failure to state a claim. Returning to *Allen*, this Court dismissed the failure to intervene claim because the plaintiff did not provide adequate specificity to allege a constitutional violation. 2024 WL 3066168 at *11. It reasoned that the failure to state "*how* or *when* any particular Defendant failed to intervene in any action taken by another Defendant" failed to identify the specific actions to each Defendant and improperly directed the complaint to "all individual Defendants." *Id.* (emphasis added). Plaintiff's Complaint has the same deficiencies. It does not state *how* or *when* any particular Defendant failed to intervene in an action taken by another Defendant, and without facts that specifically identify each Defendant's role, Plaintiff does not plausibly allege any constitutional violation and Count III must be dismissed.

### C. Plaintiff does not state a claim for Excessive Force.

Plaintiff does not refute that his claim for excessive force is fundamentally improper under the Fifth, Eighth and Fourteenth Amendment and dismissal is warranted. Plaintiff's recitation of paragraphs of his Amended Complaint emphasizes the basis for dismissal because again, he does not differentiate the Defendants in his claim for excessive force. *See, e.g., Jarett v. City of Garnett, Kansas*, No. 2:24-cv-02151-HLT-TJJ, 2024 WL 4363244, *4, n. 6 (D. Kan. 2024) (finding "[p]laintiff's broad and categorical allegations are insufficient to allege personal participation" of acquiescence in the unreasonable use or

excessive use of force). Plaintiff's Response contains a litany of citations to case law that has no bearing on this case, *see e.g.* (Doc. 34, p. 11, discussing that a person approached by law enforcement is entitled to ignore the interrogation and walk away and that it was clearly established that an officer cannot use force on Eravi if he is complying with a command.)

Plaintiff's Response does not point to any facts that the Officer Defendants violated the Fourth Amendment, and does not address the failure of the Complaint to identify the actions of each individual Defendant. There are no facts set forth that Defendant Shipley touched Plaintiff let alone used force during his arrest. There are no specific facts pled as to what McShane, Foster and Twite actually did to effectuate Plaintiff's arrest. Plaintiff's Response does not address these deficiencies, rather it is a collection of inapplicable case law and rhetorical questions that do not point to facts that state a cause of action against the Officer Defendants for excessive force. The Supreme Court has clearly held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and cannot survive a Motion to Dismiss. *Ashcroft*, 556 U.S. at 678-680. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678. Plaintiff does not differentiate the actual conduct performed by each Defendant Officer and fails to state any actual harm suffered. Simply because he was arrested and handcuffs were used does not automatically support a finding that the force was excessive. As detailed herein as well as in the Memorandum in Support, probable cause existed for Plaintiff's arrest and there are no facts pled that the force used to effectuate the same was excessive.

Plaintiff fails to plead facts that the Officer Defendants engaged in the use of excessive force in violation his Fourth Amendment rights, and qualified immunity applies to bar this claim.

### D. Plaintiff does not state a claim for Malicious Prosecution.

The Response does not address the seminal issue warranting dismissal of Count IV, that the criminal case is currently pending in the District Court of Douglas County, Kansas. Because the underlying action has not terminated in his favor Plaintiff cannot establish the essential element to assert a claim for

malicious prosecution. The Response also fails to set forth facts from each individual Officer Defendant that would support a claim for malicious prosecution. Plaintiff again directs the Court to general claims that the police reports contained false information. Plaintiff's conclusory allegation that his arrest lacked probable cause is *directly contradicted* by the fact that the Douglas County District Attorney charged Plaintiff with interference with law enforcement in Case Number DG-2023-CR-000525. Plaintiff does not direct the Court to any facts that the Officer Defendants pressured or influenced the prosecutor to bring criminal charges against him. Clearly the chain of causation was broken as to any claim for malicious prosecution against the Officer Defendants. *Taylor v. Meacham,* 82 F.3d 1556, 1563 (10th Cir. 1996). Plaintiff's conclusory argument that he did not commit the crime of interfering with law enforcement does not speak to the issue of whether probable cause existed for his arrest. *See, e.g., Taylor v. Szewc*, No. 24-3009-JWL, 2024 WL 1885510, at *1 (D. Kan. 2024).

Plaintiff does not support a Fourth Amendment violation and qualified immunity bars his claim for malicious prosecution.

### C. **The Officer Defendants Did Not Violate a Right That Was Clearly Established.**

Even if Plaintiff alleged sufficient facts to state any of his claims, he must also prove the Defendant Officers violated his clearly established constitutional rights. "[N]early every right – if viewed at a sufficiently high level of generality – is clearly established." *Wood v. Welch*, No. 22-2279-DDC, 2024 WL 2880405, *6 (D. Kan. 2024). To determine whether the right was clearly established, the court must engage in a 'narrowly tailored and context-specific exercise.' *Id.* (citations omitted). To be clearly established, the contours of the right must be sufficiently clear so the official would know what he or she was doing violated the right. *Martley v. Basehor, Kansas, City of,* 537 F. Supp. 4d 1260, 1267 (D. Kan. 2021) (internal citation omitted). To place the constitutional question beyond debate, the law must be "black and white." *Wood,* 2024 WL 2880405 at *9. The Court cannot "second-guess judgments of law enforcement with the benefit of hindsight." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015).

When analyzed under the proper standards of context-specific contours, the law was not clearly established. In *Mocek v. City of Albuquerque*, the Tenth Circuit affirmed qualified immunity for the defendants on the plaintiff's First Amendment retaliation claim. 813 F.3d 912, 931-932 (10th Cir. 2015). The Court reasoned that it was not clearly established that a plaintiff could show the requisite motive for his arrest for retaliation based on his speech, when the officers' arrest was arguably supported by probable cause. *Id.* at 931. That is, "[r]egardless of [the] [o]fficer []'s motivations, he could have reasonably believed he was entitled to arrest [plaintiff] as long as he had probable cause." *Id.* at 932. Plaintiff has not demonstrated that his arrest was based on his speech when the Defendant Officers acted with probable cause to arrest him for interference with law enforcement after he inserted himself into a crime scene involving an active shooter.

As discussed, *supra*, Plaintiff cannot satisfy the basic elements of these claims, let alone meet the added burden of demonstrating the Officer Defendants violated any purported "clearly established" constitutional rights. The Officer Defendants are protected by qualified immunity and dismissal is warranted.

## V. CONCLUSION

Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendants David McShane, Meagan Shipley, Grant Foster and Austin Twite and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6) together with costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By:*/s/ Michelle R. Stewart*
　　Michelle R. Stewart, mstewart@hinklaw.com　#19260
　　Lindsey R. Freihoff, lfreihoff@hinklaw.com　#28560
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 30th day of December, 2024, the foregoing *Reply in Support of Motion to Dismiss* was filed electronically with the Clerk of the US District Court for District of Kansas; and a service copy was served via ECF electronic notification on the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
*Attorneys for Plaintiff*

                                            */s/ Michelle R. Stewart*
                                        ATTORNEYS FOR DEFENDANTS